# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HARLAN D. FLETCHER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01002-DGK |
| | ) | |
| CITY OF MARSHALL, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

This case arises from Plaintiff's arrest in a Sonic Drive-In parking lot in Marshall, Missouri. After a "carhop" reported seeing Plaintiff slouched over in the cab of his truck, apparently passed out, the restaurant's manager called the police. Exactly what happened after the police arrived is in dispute, but the parties agree the police removed Plaintiff from the truck by force and later found a small bag containing methamphetamine and marijuana in the truck. The police arrested Plaintiff and charged him with felony and misdemeanor drug possession, possession of paraphernalia, and resisting arrest. The Saline County Circuit Court later suppressed all evidence obtained during Plaintiff's arrest.

Plaintiff is now suing the officers involved in his arrest, the Marshall Chief of Police, the city of Marshall, the Sonic Drive-In, and the Sonic manager who called the police. The Petition asserts four federal civil rights claims and four state law claims.

Now before the Court is Defendants' Joint Motion to Dismiss (Doc. 41). Defendants argue the Court must dismiss this case with prejudice because during discovery Plaintiff repeatedly invoked his Fifth Amendment right against self-incrimination and refused to answer questions related to his possession and use of drugs on the day of the incident. Defendants argue state and

federal law prohibit Plaintiff from prosecuting affirmative claims while invoking his Fifth Amendment right not to answer these questions.

Plaintiff responds that the invocation of his right against self-incrimination was a valid exercise of his Fifth Amendment privilege, and that striking his pleadings as a sanction would be an abuse of discretion. Plaintiff suggests that, at most, the Court should grant Defendants an adverse inference instruction.

The Court holds that under both state and federal law Plaintiff cannot continue to prosecute his affirmative claims while refusing to answer relevant questions by invoking the privilege. Plaintiff shall decide whether he wishes to waive his right against self-incrimination and answer discovery or have his case dismissed with prejudice. The motion is GRANTED IN PART.

**Background**

On August 11, 2016, a "carhop" at the Sonic in Marshall, Missouri, reported to her manager that there was a customer in a truck who, when she took his order, had what she thought was an alcoholic bottle in his lap, and he now appeared to be unconscious. The manager called the police instead of waking the man up because, as the he told the 911 operator, the man "looks like he could be crazy." The man was Plaintiff Harlan Fletcher, Jr., a 140 pound, sixty-five year-old disabled veteran.

The Defendant Marshall police officers arrived and attempted to interact with Plaintiff. The parties dispute what happened next. The officers allege Plaintiff: spoke with slurred speech; would not make eye contact; was fidgety, belligerent, and uncooperative; appeared to be hiding something behind his back; attempted to put the key back in the ignition; and refused a request to exit the vehicle through the passenger side. Plaintiff denies most of these assertions. He contends his disability prevented him from leaving the truck through the passenger side, and that

he told the officers this but they ignored his pleas. The parties agree that after using pepper spray unsuccessfully to get Plaintiff to exit the truck, the police removed Plaintiff from the cab by force, and Plaintiff's head hit the ground at least once.

After the officers handcuffed Plaintiff they searched the truck. Inside, they found what he was allegedly trying to hide behind his back: a small bag containing marijuana and methamphetamine, as well as two glass pipes used to smoke marijuana and methamphetamine.

The police arrested Plaintiff, and the Saline County Prosecutor charged Plaintiff with felony and misdemeanor drug possession, possession of paraphernalia, and resisting arrest. The Saline County Circuit Court later suppressed all evidence obtained during Plaintiff's arrest, and the Saline County Prosecutor subsequently dismissed all charges.

On October 30, 2017, Plaintiff filed this lawsuit in the Circuit Court of Saline County, Missouri. Defendants removed it to federal court on December 1, 2017. Plaintiff's Petition asserts federal claims under 42 U.S.C. § 1983 for unlawful seizure (Count I), excessive force (Count II), failure to train or supervise (Count III), and a custom of using excessive force during arrests (Count IV). The Petition also brings state law claims for battery (Count V), false imprisonment (Count VI), malicious prosecution (Count VII), and negligence (Count VIII).

During his deposition on August 14, 2018, Plaintiff repeatedly invoked his Fifth Amendment right against self-incrimination, declining at his attorney's direction to answer any questions related to his drug use or possession of drugs on the day of the incident. Plaintiff has also invoked the privilege against self-incrimination in an interrogatory answer.

Defendants filed the pending motion on October 12, 2018. The motion seeks dismissal but is not brought pursuant to any particular rule. Defendants do not argue that Plaintiff's invocation of the right against self-incrimination is invalid or was made in bad faith. Rather, they

3

contend certain consequences flow from his invocation, and the Court must dismiss his claims with prejudice.

**Standard**

The Court is hearing the federal claims in this case pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the Missouri state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a). The Federal Rules of Evidence govern, and Federal Rule of Evidence 501 directs that generally federal law governs a claim of privilege in federal court, but state privilege law applies when state law provides the applicable rule of decision. Fed. R. Evid. 501; *see Couch v. United States*, 409 U.S. 322, 335 (1973) (rejecting taxpayer's claim of accountant-client privilege in response to IRS summons issued to her accountant because no such privilege exists under federal law). Thus, to the degree there is any difference between how an invocation of the right against self-incrimination is treated under federal law and state law, federal law applies to Counts I-IV and Missouri law applies to Counts V-VIII.

**Discussion**

There is no dispute that Plaintiff has made a valid invocation of the privilege—when police arrested him he was arguably in possession of marijuana and methamphetamine as well as two pipes used to ingest them, so he plainly had "reasonable cause to apprehend danger" from directly answering questions about any drug use or possession on the day of the incident. *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Nor did Plaintiff's counsel violate any rules when he objected to these questions and instructed his client not to answer them, because Federal Rule of Civil Procedure 30(c)(2) provides a person may object and instruct a deponent not to answer a question "when necessary to preserve a privilege."

However, Plaintiff cannot continue to prosecute this case while asserting the privilege.

4

Under Missouri law—which the Court applies to Plaintiff's Missouri claims—"a party who asserts the Fifth Amendment privilege against self-incrimination is not entitled to affirmative relief for himself or herself against other parties." *In re Marriage of Fellers*, 789 S.W.2d 153, 155 (Mo. Ct. App. 1990). This does not prevent a plaintiff in a civil case from asserting the privilege, it just brings with it severe consequences—up to and including dismissal with prejudice of any affirmative claims—if the plaintiff's claims put the information sought at issue. *Franklin v. Franklin*, 283 S.W.2d 483, 486 (Mo. 1955); *Sparks v. Sparks*, 768 S.W.2d 563, 565 (Mo. Ct. App. 1989). Similarly, federal law holds that a party bringing a claim for affirmative relief waives any Fifth Amendment privilege to information relevant to that claim, and the court can compel the party to either waive the privilege or face dismissal. *See*, *e.g.*, *Brown v. Ames*, 346 F. Supp. 1176, 1177 (D. Minn. 1972).

Plaintiff's argument that his alleged possession and use of drugs on the night of his arrest is irrelevant to his claims is unavailing. Plaintiff's claims put his drug use on the day of his arrest at issue. His unlawful seizure, false imprisonment, malicious prosecution, and negligence claims rest at least in part on the contention that there was not probable cause to arrest him. But if Plaintiff was under the influence of drugs and in possession of illegal drugs at the time of arrest, it would make Defendants' contention that Plaintiff was acting suspiciously and trying to hide the small bag more likely. Also, Plaintiff's excessive force, failure to train, custom of using excessive force, battery, and false arrest claims are less tenable if Plaintiff was under the influence of drugs since it would tend to make the officers' claim that Plaintiff was belligerent, uncooperative, and attempted to put the key back in the ignition (and so drive way) more likely, thus making some use of force necessary to prevent the officers from being hurt. Finally, Plaintiff's contemporaneous drug use is also relevant to every count because it affects his credibility; it is

5

well established that drugs can potentially impair a witness's ability to perceive and recall events accurately. *Lagud v. Kansas City Bd. Of Police Comm'rs*, 136 S.W.3d 786, 794 (Mo. 2004); *cf. United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010) (observing drug use may be relevant to a witness's memory or mental abilities).

Given that Defendants should have access to this information, the question is what action the Court should take. Defendants argue the Court should dismiss the case with prejudice. Not surprisingly, Plaintiff rejects this suggestion, arguing there is no per se rule under Missouri or federal law requiring dismissal. Plaintiff suggests that, at most, the Court should grant Defendants an adverse inference instruction.

While there is no per se rule mandating dismissal, the constant theme running throughout the caselaw is that a party cannot prosecute affirmative claims while invoking the privilege if the claims put the information sought at issue. A party must either waive the privilege or face dismissal of all claims entangled with the privilege. Consistent with this rule, the Court directs Plaintiff to decide whether to waive his right against self-incrimination and answer discovery, or have the Court dismiss his case with prejudice. By "waive his right against self-incrimination and answer discovery," the Court means Plaintiff shall answer the interrogatory he previously refused to answer by invoking the privilege against self-incrimination, and, if Defendants so wish, sit for another deposition where he shall answer questions related to his use or possession of drugs on the day of the event and in the three days preceding it.

Plaintiff shall have until February 1, 2019, to decide. Plaintiff shall communicate his choice by filing a short statement with the Court on or before this date. If Plaintiff fails to make such a filing, the Court will dismiss this case with prejudice. In the meantime, all briefing on Defendants' pending motion for summary judgment is stayed.

Defendants' motion (Doc. 41) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  January 25, 2019            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT